is Patrick Giacomo and I represent Hamdi Mohamud. The law of this appeal is controlled by this course decision in Yassin v. Weyker. There the court correctly concluded that a person's acts are only beyond the bounds of section 1983 when, quote, state law had nothing to do with the nature and circumstances of the conduct. Although the facts before the court in Yassin did not provide, quote, any actual or purported relationship between Weyker's conduct. But what page is that? Are you quoting from an opinion? I'm quoting from Yassin, Your Honor. Well, what page? I don't remember it saying anything that categorical. Sure. So on page 1090, Your Honor, we have the quote that says state law had nothing to do with the nature and circumstances of Weyker's conduct. And then on 1091, we have the language that without any actual or purported relationship between Weyker's conduct and her duties as a St. Paul officer, no section 1983 action is available. Although the facts before the court in Yassin did not provide that relationship, in Yassin, the court understood Weyker's work to be part of a, quote, federal task force, a phrase that was used throughout the opinion and by the parties. But now in this case, we know that Weyker was working on the St. Paul-led VIC task force, which connects all of her conduct to her St. Paul duties. From the MOU, we know that St. Paul led this task force. Its mission was to combat human trafficking in Minnesota, and that St. Paul assigned Weyker to work on it full-time. In that capacity is where Weyker began and conducted her investigation. It's how Weyker met her witness, Muna Abdul-Qadir. It's why Weyker was selected for cross-deputization when other state and federal agencies came in to assist the VIC task force. And even when Weyker framed Ms. Muhammad, she was still exercising her St. Paul duties, a fact that's now clear with the existence of the St. Paul task force from Weyker's affidavit for criminal indictment where she said, your affiant is currently assigned to the VIC unit. I mean, the problem I'm having with your argument, and you do come up with some new facts, right? But I don't know that the new facts actually get us past the key inquiry, at least as we framed it in the earlier cases, which is authority. Under what authority was she acting? And police officers really don't, I mean, if you're investigating a federal claim and you're no longer serving on an exclusively state basis, you're under a U.S. attorney. It seems like the authority remains the same, which is she's still acting under the authority of her deputy U.S. marshal deputization. So I would respond to that by explaining, Your Honor, that now that we see the VIC task force's involvement in all of this, we're to the point of having to dissemble whether you can act under both State and Federal colors simultaneously. And the answer is clear from this Court's decision in Yassin itself, but also from Supreme Court precedent, that you can, in fact, wield both colors. And so again, the analysis --- Sotomayor, the opposing counsel's brief says you have no authority from any appellate court supporting this intertwined theory. Is that right? No, that's incorrect, Your Honor. So it's true that the --- Well, you cite some very ancient cases that are very ancient, like 20 years ago. Yes. You say all of the recent cases are wrong. Well, I don't say all of them are wrong, Your Honor. In fact, I say three of them supports your intertwined theory with respect to dual task forces. So I would point the Court towards the more recent decision involving tribal authority. The what? The case is Bresci v. Ford from the Ninth Circuit, which involved tribal authority. And it said that you could still act under color of State law, even if you were simultaneously acting under color of ---- There is no subject more complicated than tribal sovereignty and tribal authority. And it does not ---- tribal cases do not translate into the rest of the universe. Well, I could also point out that it ---- I mean, I published a 35-page opinion last Friday on tribal authority. Well, I could also point out, Your Honor, that an older case in the same issue in the Ninth Circuit involved tribal authority, State authority, and Federal authority, because many of those officers were authorized with power under the Bureau of Indian Affairs, as well as their State authority and their tribal authority. Do you have any non-tribal authority that is counter to the cases that you say are wrong, like the First and Second Circuit and the Tenth Circuit? So we ---- I have a lot of authority. It's just a question of whether I have anything that's more recent than those. And I don't, because those cases have just been coming out. And I would also point out that most of the cases that have involved State Federal task forces were decided before the Supreme Court's decision in Egbert. And so oftentimes, they dealt with this as a kind of inconsequential issue. I don't understand why that matters, frankly. Because in most of those cases, Your Honor, the Court would say, in fact, in King it explicitly said, it doesn't really matter whether this is under 1983 or under Bivens. And often those other cases involved that discussion of State color because the parties agreed, since it didn't matter whether it was under Bivens or under 1983. But after Egbert, we know that this is consequential. In this case, it's dispositive. And we have the case from the Supreme Court, Lake Country, that speaks very clearly on this. We have a bunch of other cases about the adjutant generals of the National Guard that speak on this point. We have the Kletchka case, which, albeit, is a fairly old case. We have Cowden. We have Askew. All of these cases at least indicate that you can act under color of State law as a Federal officer. My understanding, though, is in the context of a joint task force in particular, which kind of gets at Judge Loken's question. There is a circuit split, but the circuit split actually isn't in your favor. The circuit split is some circuits actually say as a categorical matter, game over, you are a Federal officer when you join a task force. The other does, I think, what Yassin does and looks at the totality of the circumstances, the incidence of authority, what actions an officer was taking, all of those things. And so under that circuit split, you don't win either way. We've already said you don't win under Yassin. Absent the new facts and then the blanket rule, you definitely wouldn't win. Correct. So there are currently two threads of thought that are going on here. One is the categorical rule. We would definitely lose under that. Yassin did not adopt that rule. Although several subsequent circuit court decisions like Jakutis v. Town of Jakut read Yassin as adopting that rule. The other rule just is the totality of the circumstances test, which means in any given case where you have someone who is a State officer who is cross-deputized, the question of whether they acted under State color is determined by the totality of the circumstances. And as the Supreme Court explained, for instance, in the Brentwood case, which was a case about private action, there is no easy rule to do this. You have to look at it. You have to determine where the sources of authority were, whether it was actual or purported. All these things are relevant. But the thing to keep in mind that I think has kind of flown under the radar in most of these cases is that applying the plain language of Section 1983, we're looking to see if every person who acts under color of any statute, ordinance, regulation, custom or usage of any State shall be liable when they violate the Constitution. So that's an incredibly broad standard, which is why in late country the Supreme Court said this statute needs to be liberally construed. It doesn't need to be liberally construed because of some interpretive doctrine. It needs to be liberally construed because the language that Congress passed through 1983 is itself that broad. Can you recover, though? I mean, this is the problem I'm having. Can you recover — let's say you have intertwinement, you have both. Could somebody simultaneously have an actionable claim as a Federal Bivens claim against an officer and under a Section 1983 so that you would essentially have dual claims going at the same time that could be successful? I don't think so. And the reason I don't think so is because the Bivens jurisprudence says if you have an alternative remedy, you don't have Bivens. And this is also a lesson that we learned from late country where the Court there says this Federally approved compact covers these — covers these State officials. Congress said this was okay. In determining whether you can sue them under color of State law, we're going to say, yes, you can. And because we say that, we don't even need to address whether there's an implied cause of action because we have a statutorily created cause of action. So the answer to that question is you couldn't pursue them both at the same time, but that doesn't mean that you can't act under color of both at the same time, which of course is the entire premise of being cross-deputized. And so here, as we pointed out in the briefing, the St. Paul-led VIC Task Force continued for the entire duration of this incident, from the beginning before it was even colorably federal all the way through the moment when Ms. Waker framed Ms. Muhammad and her friends. And that makes it impossible to disentangle this, at least as a matter of fact, that we need to be able to go forward and investigate what was the source of authority. For instance, my friend offers the affidavit of Mark Schaefer, who was the one who sponsored Ms. Waker to the task force. And in Mr. Schaefer's affidavit, he says she had this broader authority to investigate things. And the government says in its briefing that this included doing things under Title 18 pursuant to the task force. But if you look at the actual document that gave her the deputization, it specifically limits to one checkbox, and it has another checkbox that says, and to investigate other Title 18 violations, it was left unchecked. And so it simply can't be the case that Mr. Schaefer's affidavit is accurate. And if it is, there's some confusion that we need to be able to untangle to figure out, was this all actually part of the VIC task force? Was this so-called ad hoc task force a task force at all, or was it just a group of other entities that came together to assist the St. Paul task force? Because by 2009, when Heather Waker was still exclusively a St. Paul officer, when she met Muna Abdul-Qadir, which again was before she was cross-deputized, there was this funding request for supplemental funding by the VIC task force. And there on page 155 of our appendix, it lists by that point that there were already 13 agencies working on this task force, including three Federal agencies, a number of State and Federal prosecutor's offices, and several, and so you have this larger group already saying, yes, we're part of the VIC task force, and yes, St. Paul is leading it. Now, we have these memoranda because we were able to dig through old St. Paul City files, and so we don't have the complete memoranda. We don't have the memoranda that was necessarily in effect at the time this happened. We would like to get those things, and then we can clarify all of these questions. It seems to me a law enforcement officer can have, in these days, membership or association with multiple task force investigating multiple kinds of crime, and for a particular case like this, the question is on what authority was that specific conduct, the phone call from Tennessee, was the officer acting under? And it's not always he or she was on 12 different task forces, so any one of them is good enough to satisfy your test. Well, Your Honor, I think the answer, again, is whether she was exercising actual or purported authority under State color. So even if you look at a situation like the one here. What says, why does the ancient task force, you know, the fact that she's been helping with the task force for nine years that has much broader activity, I don't think get the nexus or the link. Well, first, I want to say I'm into my rebuttal time, so I want to answer your question, but then I want to reserve the rest. And the answer to your question in this case, Your Honor, is that our allegations are that when she made that call, all of this was still part of the St. Paul Ledvick task force, even though the U.S. attorney was the one prosecuting the case. And that's not a strange thing, because if you read the MOU that we've included, one of the partners on this task force was a U.S. attorney's office, and so the entirety of this agreement understood that we will be working together to forward our mission of combating human trafficking in Minnesota, and whether that means we bring a case in State court or Federal court, it doesn't matter, because what we're still doing is serving the State interests. I'm a St. Paul officer who then later gets Federal authority, but I'm still advancing St. Paul interests, and that, I think, is the dispositive feature in this appeal, which is very different from Yassine. And with that, I'll reserve the remainder of my time for rebuttal. Thank you. Ms. Lilley. Good morning, Your Honors. Janie Lilley for Officer Heather Weicker. As this Court has held, Officer Heather Weicker, a Federal deputy, working on a Federal task force in Tennessee, protecting a Federal witness, was acting under the color of her Federal authority under the events at issue. For the reasons that this Court held in Yassine, we ask that the Court affirm the judgment of the District Court. If the Court has any questions, I'd be happy to answer those. You know, I'm going to say again what I said, I think, during one of the past oral arguments, which is it may well be that there's not a cause of action here, but the alleged behavior is awful, if true, and it sure seems like the kind of situation in which there should be a remedy. Now, maybe we're subject to what Congress did and didn't come up with here, which may preclude a remedy depending on how we come out, but it feels like there should be a remedy here. Your Honor, as this Court has acknowledged and the Supreme Court has acknowledged, the remedy for any sort of alleged unconstitutional conduct or tortious conduct by a Federal official is a Federal remedy. In this case, it would be Bivens or any of the alternative remedial schemes available to someone who was allegedly injured by a Federal official. So the recourse is through those Federal remedial schemes. If those are not available, as this Court has held, because a Bivens remedy is not available, the plaintiff could avail herself of other remedial schemes. But that is a feature of Congress's decisions. And we're not going to do that. What are these other remedial schemes? Your Honor, in the Hyde Amendment would allow, as this Court has acknowledged, in related cases would allow where there has been some allegations of unlawful prosecution, recovery of attorney's fees, for instance. There may, in fact, be other Federal remedial schemes, reporting through internal marshal service or FBI, avenues for misconduct, for instance. But none of those remedial schemes, the Supreme Court has said, are sufficient to preclude a Bivens remedy. None of those remedies that you mentioned, I don't think, provide any kind of recourse for the people who are affected by the misconduct. That might be the case, Your Honor. And that is a decision, as the Supreme Court has said in Egbert and other cases, a decision that Congress has made by not providing for the type of remedy that plaintiff seeks here. And so the solution is for Congress to act, not for the courts to expand 1983 liability beyond the boundaries of the statutory text or to invent a Bivens remedy where Congress hasn't. I wonder if this is a cautionary tale about implying causes of action generally, which is when the courts act and then sort of narrowly define the cause of action, it kind of gives Congress an out where they don't feel like they have to act because the courts have already done so. And so one wonders if Congress would have, in the 1970s, if Bivens had not been decided, whether they would have created a cause of action that looked a lot like Section 1983 and we wouldn't be talking about, you know, is somebody's name Bivens? Well, if not, then you don't get a Bivens action, which is basically almost where we've come to. Tongue in cheek, but it's almost where we are. Your point is well taken, Your Honor, that this is the responsibility of Congress. It did not act to provide a damages remedy for an individual Federal officer in her individual capacity. And so that is a decision made by Congress, not by the courts. If there are no further questions, we ask that the judgment of the district court be affirmed. Very good. Thank you. Thank you, Your Honors. And I'd just like to clarify that, again, the analysis here depends on whether there's any State color, not whether there's Federal color or whether Federal color overrides State color. And this is true, again, from the Lake Country case. It's also true from all the cases involving the National Guard but has to be fairly attributable to the State, right? Correct. The Supreme Court said that since I was in law school. That's right. Yeah. That's right. And in those adjudant general cases, this was the argument that the Government made, which was you had this member of the National Guard, this is Johnson v. Orr, one of the others, and they are a Federal officer and a State officer. And in deciding to fire people, that's a Federal officer act. And the courts say even though that act itself is the act of a Federal officer, because the State color is still intertwined with their actions and conduct, that's enough to get into 1983. What case are you talking about? The case is Johnson v. Orr is a Third Circuit case. There have been several other. I can't understand. I didn't pick that up. Johnson v. Johnson v. Orr, Your Honor. And we cite these cases in our papers. There are several other. And that was the adjudant general of the State appointed by a Governor. Correct. Proceed. Correct. Yes. And so, again, the question is just is there any State color? And on this question of Congress should decide, we agree at this point. The argument here is whether Congress did decide already when it passed Section 1983 and did so with extremely broad language, applying it to every person who acts under color of any State statute, ordinance, regulation, customer usage, and meaning that they shall be liable if they either subject someone to constitutional deprivations or they cause that deprivation. And, again, Bivens here is off the table. And in our previous cert petition, the U.S. Solicitor General in this case said Supreme Court, don't take this case because they might have a 1983 action. So we know that it can't simply be categorically true that because she was working on a task force that the Government characterizes as Federal, but we characterize as State-led, that that's dispositive here, which is why we ask this Court to reverse the district court, allow us to amend, find the facts, and then after we do that, we can determine with better clarity what the contours exactly should be in this case. So thank you, Your Honors. Thank you, counsel.